FILED

UNITED STATES DISTRICT COURT    JAN 2 5 2006

DISTRICT OF SOUTH DAKOTA



SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CLIFF AMBROSE, JR., | * | CIV 04-4095 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| JOHN SCHULTZ, DAVE HUNTER DANIEL J. NICHOLS, MARY LOU JORGENSON, and BARB BOLDT, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Cliff Ambrose, Jr. ("Ambrose"), a former inmate, filed a Complaint pursuant to 42 U.S.C. §1983 alleging that defendants Schultz, Hunter, Nichols, Jorgenson and Boldt violated his constitutional rights by revoking his parole and imposing his suspended sentence. Pending before the Court are Defendants' Motion to Dismiss, doc. 42, as well as a variety of motions filed by Ambrose. For the following reasons, the Court will grant Defendants' motion to dismiss.

## BACKGROUND

On August 9, 1993, Ambrose received a five year suspended sentence for conspiracy to distribute controlled substances, a five year suspended sentence for possession of a controlled substance, and a ten year sentence with eight years suspended for distribution of a controlled substance. He was incarcerated in the South Dakota State Penitentiary ("SDSP") until March 10, 1995, when he was released on the suspended portion of his sentence.

Prior to his release, Ambrose signed an agreement which set forth the conditions of his suspended sentence. Paragraph 13 of the agreement states, in part, "I will faithfully comply with special limitations and conditions imposed by the Court, the Board of Pardons and Paroles, and my Parole Agent . . . ." The following subsections of paragraph 13 were made applicable to Ambrose:

subsection (a), which prohibited consumption of alcoholic beverages; subsection (b), which prohibited frequenting any establishment that sells intoxicating beverages; and subsection (c), which required participation, cooperation and completion of any court ordered condition. Ambrose also agreed to subsection (e), which states:

> I understand that the rules of parole supervision shall also apply to the suspended portion of my sentence. I also understand that in the event I violate parole prior to my suspended sentence commencing, the Board has the authority to violate the suspended portion, impose the entire sentence; and I may not be given credit for time spent on suspended sentence.

Another suspended sentence agreement was signed by Ambrose on August 1, 1995. That agreement added a hand-written subsection (g) which required Ambrose to submit to random drug testing.

On March 3, 1998, Ambrose was returned to the SDSP for an alleged violation of the terms and conditions of supervision. A hearing was held before the Board of Pardons and Paroles on September 25, 1998. On October 7, 1998, the Board issued an order finding that Ambrose had violated the terms and conditions of his suspended sentence. Ambrose appealed the Board's decision to state circuit court, which affirmed the Board's decision on June 1, 1999. Ambrose appealed to the South Dakota Supreme Court. A Summary Order of Affirmance was issued on February 22, 2000. Ambrose filed an Application for Writ of Habeas Corpus in state court[1], claiming that his incarceration was illegal because the Parole Board did not have authority to place conditions on his release beyond those imposed by the court, or to supervise him while he served the suspended portion of his sentence. The state circuit court denied the Writ, holding that South Dakota law allows the Board of Pardons and Paroles to add conditions to an inmate's release on a suspended sentence. The state circuit court denied Ambrose's motion for a certificate of probable cause, as did the South Dakota Supreme Court on May 3, 2002. This § 1983 action followed a few years later.

---

[1] Ambrose filed a federal habeas claim with this Court, but the action was dismissed on November 13, 2000 for failure to exhaust his state court remedies. *See Ambrose v. Weber*, Civ. 00-4058.

2

## DISCUSSION

For purposes of the motion to dismiss, the Court must take the allegations of the Complaint as true, *McDonough v. National Home Ins. Co.*, 108 F.3d 174, 176 (8th Cir. 1997), and the Court may grant the motion to dismiss under Rule 12(b)(6) only if there is an insuperable bar to relief. *Bowman v. Western Auto Supply Co.*, 985 F.2d 383, 384 (8th Cir. 1993). The Court must deny the motion to dismiss if relief could be granted under any set of facts that could be proved by Ambrose consistent with the allegations. *National Org. For Women v. Scheidler*, 510 U.S. 249, 256 (1994). In ruling on the motion to dismiss, the Court took judicial notice of the pleadings from the state court in *Ambrose v. Weber*, Civ. 01-3041 (2d Jud. Cir.), and *Ambrose v. Board of Pardons and Paroles*, Civ. 98-2401 (2d Jud. Cir.). *See* Fed.R.Evid. 201. The consideration of those public court records does not require the Court to convert the motion to dismiss into a motion for summary judgment. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1107 (8th Cir. 1999) ("Some materials that are part of the public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion to dismiss."); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) (public documents filed in earlier state court case were properly considered when deciding motion to dismiss for failure to state claim).

Defendants seek dismissal on two grounds. First, they claim that Ambrose's action for damages is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Secondly, Defendants assert that Schultz, Hunter, Nichols and Jorgenson are entitled to absolute immunity.

### A. *Heck v. Humphrey*

In *Heck v. Humphrey*, the United States Supreme Court held that if a judgment favorable to a prisoner in a § 1983 lawsuit would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a § 1983 action for damages does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Id.* at 486-87. In the present case, Ambrose's § 1983 action for damages based on imposition of conditions on his release and the revocation of his suspended sentence is not cognizable unless

and until Ambrose demonstrates that the conditions or the revocation have been invalidated. The state court record reveals that placement of conditions on his release and revocation of his suspended sentence have been upheld by the South Dakota courts. Accordingly, Ambrose's § 1983 claim for damages resulting from the allegedly unconstitutional revocation of his release on supervised suspended sentence will be dismissed. *See, e.g., Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (if judgment in favor of prisoner in § 1983 action would necessarily imply invalidity of his conviction, continued imprisonment, or sentence, then no claim for damages lies unless conviction or sentence is reversed, expunged, or called into question by issuance of writ of habeas corpus).

**B. Immunity**

Defendants Schultz, Hunter, Nichols and Jorgenson contend that they are entitled to absolute immunity.[2] The Eighth Circuit has held that parole board members are absolutely immune from suit for considering and deciding parole questions, even if they make an unconstitutional or unlawful decision. *See Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993). The touchstone for applicability of the absolute immunity doctrine is "whether the subject matter of the decision was within the official's power, and whether the official was acting in her official capacity at the time of decision." *Id.* (citing *Liles v. Reagan*, 804 F.2d 493 (8th Cir. 1986)).

Defendants Nichols and Jorgenson were members of the Parole Board, and the Eighth Circuit's recent opinion in *Figg v. Russell*, No. 05-1249, 2006 WL 20546 (8th Cir. Jan. 5, 2006), establishes that these defendants are entitled to absolute immunity. The *Figg* Court ruled that, if the defendant is given notice, "the Board of Pardons and Paroles may impose conditions on a defendant's suspended sentence in addition to those imposed by the sentencing court so long as the

---

[2] Defendant Boldt does not claim immunity. She was Ambrose's prison counselor and she allegedly failed to take any action to remedy Ambrose's "illegal imprisonment." Reading the Complaint and all of the other pleadings filed by Ambrose as a whole, the Court finds that Ambrose cannot prove any set of facts showing he is entitled to relief against defendant Boldt, and the Court must dismiss the claim against her under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

additional conditions are reasonable and not inconsistent with those mandated by the court." *Id.* at *3 (quoting *Smith v. Board of Pardons and Paroles*, 515 N.W.2d 219, 224 (S.D. 1994)). The Court concluded:

> Accordingly, the Parole Board was within its power when it applied the conditions of Figg's parole to her suspended sentence, and when it took action concerning her suspended sentence when she violated parole. Thus, under our holding in *Patterson*, the Parole Board's actions regarding Figg's parole and suspended sentence are entitled to absolute immunity.

*Id.* at *3. In light of established precedent, defendants Nichols and Jorgenson are entitled to absolute immunity in this case for their role in imposing conditions on Ambrose's release on suspended sentence, and for reimposing his suspended sentence when he violated those conditions.

Defendants Hunter and Schultz were Ambrose's supervising parole agents. According to Ambrose, they were responsible for adding the "illegal conditions" to Ambrose's suspended sentence. As the Eighth Circuit noted in *Figg*, when a parole agent's function is so associated with the function of the Parole Board, the agent is cloaked in absolute immunity, at least for purposes of that function. 2006 WL 20546 at *4. In *Figg*, the parole agent was afforded absolute immunity for his role in offering Figg the parole/suspended sentence agreement because he was acting as a representative of the Parole Board. *See id.* at *5. In the present case, the sole allegations against defendants Hunter and Schultz involve their roles in reaching the agreement on the conditions for Ambrose's release on his suspended sentence. Thus, Hunter and Schultz are entitled to absolute immunity "at least in this limited sense." *Id. See also Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (Decision of probation officers that the inmate's release plan was inadequate and their recommendation to Parole Commissioner to delay parole, as well as the Parole Commissioner's decision to delay parole, were judicial in nature and probation officers and Commissioner were entitled to absolute immunity.). Accordingly,

IT IS ORDERED:

1. That Defendants' Motion to Dismiss, doc. 42, is granted; and

2. That the pending motions filed by Ambrose are denied as moot.

Dated this 22nd day of January, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Sharon Louro
(SEAL)    DEPUTY